NO. 94-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

RALPH OWEN WELDY,

    Defendant and Appellant.

**FILED**

AUG 0 4 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Alfred Avignone, Ungar, Avignone & Banick,
Bozeman, Montana

        Daniel P. Buckley, Berg, Lilly, Andriolo
& Tollefsen, Bozeman, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
Barbara C. Harris, Assistant Attorney
General, Helena, Montana

        Mike Salvagni, Gallatin County Attorney,
Gary Balaz, Deputy County Attorney,
Bozeman, Montana

Submitted on Briefs:  April 6, 1995

Decided:  August 4, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Ralph Owen Weldy appeals from the sentence and final judgment entered in the Eighteenth Judicial District court, Gallatin County, finding him guilty of felony assault and misdemeanor domestic abuse, and sentencing him to consecutive terms of ten years for felony assault, two years for use of a weapon, and six months for domestic abuse, all to run concurrently. The District Court designated appellant a dangerous offender for the purpose of parole eligibility.

We reverse and remand.

Appellant raises six issues on appeal. However, we limit our decision to the following:

1. Did the District Court err in allowing testimony of prior assaults by appellant against Cynthia Weldy?

2. Did the District Court properly instruct the jury as to the unanimity of its verdict?

Appellant and Cynthia Weldy were married on May 1, 1993, and divorced on December 1, 1993. On July 9, 1993, appellant visited Cynthia at the Lucky Cuss, her place of employment, where he observed Cynthia speaking with three men whom he believed were arranging to meet Cynthia after work. When Cynthia arrived home after work she discovered that appellant was agitated and had been drinking alcohol.

Appellant began striking Cynthia on the chin, the face, and her arms. While Cynthia was seated in a kitchen chair with her

2

back to a wall, appellant began plunging a 12-inch serrated knife into the wall beside her head.

Throughout the night and into the next morning, appellant continued assaulting Cynthia. At one point, he broke a drinking glass and threatened Cynthia with the jagged glass bottom. At another point in the early morning, appellant struck Cynthia on the head, shoulder, ribs, and hand with a piece of firewood.

After appellant went to bed at 7 a.m., Cynthia left home and reported to her second job at the Friendly Cafe. At 8:45 a.m., appellant walked into the Friendly Cafe and struck Cynthia in the back and side of her head while she was carrying a pot of coffee. Appellant left and later returned to the Friendly Cafe where he pulled Cynthia out the rear door of the cafe and renewed his assault.

On January 25, 1994, the Gallatin County Attorney charged appellant by amended information with one count of felony assault under § 45-5-202(2)(a) or (b), MCA, and one count of misdemeanor domestic abuse under § 45-5-206(1)(a), MCA. Appellant was tried by a jury and convicted of felony assault and domestic abuse. The District Court sentenced appellant to consecutive terms of ten years for felony assault and two years for the use of a weapon. In addition, the District Court sentenced appellant to a concurrent term of six months for domestic abuse, and designated appellant a dangerous offender for the purpose of parole eligibility. The District Court denied appellant's motion for a new trial. Appellant appeals the judgment and sentence of the District Court.

Did the District Court err in allowing testimony of prior assaults by appellant against Cynthia Weldy?

We review evidentiary rulings by a district court to determine whether the district court abused its discretion. State v. Parma (1993), 261 Mont. 338, 341, 863 P.2d 378, 380; State v. Crist (1992), 253 Mont. 442, 445, 883 P.2d 1052, 1054. The district court has broad discretion to determine whether evidence is relevant and admissible, and absent a showing of abuse of discretion, the district court's determination will not be overturned. Parma, 863 P.2d at 380; Crist, 833 P.2d at 1054.

The charges brought against appellant involve events which occurred on July 9 and 10, 1993. At trial, the State introduced, and the District Court admitted, testimony of prior assaults committed by appellant against Cynthia between May 3 and July 9, 1993. Appellant argues that testimony of prior assaults was introduced to show his character and his propensity to act in conformity therewith in an effort to prejudice the jury. Appellant contends that the prior acts should have been excluded pursuant to Rules 404(b) and 403, M.R.Evid, and State v. Matt (1994), 249 Mont. 136, 814 P.2d 52.

The admissibility of prior acts evidence is controlled by Rule 404(b), M.R.Evid., which provides that: " Eelvidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The general rule of Rule 404(b) must be strictly enforced, except where

4

a departure is clearly justified, and exceptions to the rule must be carefully limited. State v. Keys (1993), 258 Mont. 311, 315, 852 P.2d 621, 623; Crist, 833 P.2d at 1054.

In Matt_I we modified the rule established in State v. Just (1979), 184 Mont. 262, 602 P.2d 957, and set forth a four-part test to insure that prior acts evidence is not introduced as character evidence. The modified just rule requires that:

> (1) The other crimes, wrongs or acts must be similar.

> (2) The other crimes, wrongs or acts must not be remote in time.

> (3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

> (4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Matt_I 814 P.2d at 56. The following procedural protections apply as part of the modified Just rule:

> (1) Evidence of other crimes, wrongs, or acts may not be received unless there has been written notice to the defendant that such evidence is to be introduced. The notice to the defendant shall specify the other crimes, wrongs, or acts to be admitted, and the specific Rule 404(b) purpose or purposes for which it is to be admitted.

> (2) At the time of the introduction of such evidence, the trial court shall explain to the jury the purpose of the evidence and shall admonish it to consider the evidence for only such purposes.

5

(3)  In its final charge, the court shall instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged . . .

Matt, 814 P.2d at 56.

On March 1, 1994, the State provided appellant with Just notice stating that it would offer evidence that appellant assaulted Cynthia on May 3, 1993, and that appellant told Cynthia that "I killed my first wife, what do you think of that." The State asserted that it planned to offer appellant's physical conduct and his statement as proof of motive and intent. The District Court prevented either party from offering appellant's statement about killing his first wife, but allowed Cynthia to testify about prior assaults committed against her by appellant.

We must determine whether the alleged prior assaults were admissible under the modified just requirements to prove that on May 9 and 10, 1993, appellant committed felony assault against Cynthia by knowingly or purposely causing bodily injury to Cynthia with a weapon, or by knowingly or purposely causing Cynthia to reasonably apprehend serious bodily injury by use of a weapon. Section 45-5-202(a) or (b), MCA.

Appellant does not dispute that the alleged prior bad acts were sufficiently near in time to the charged act to satisfy the second modified Just criteria. However, upon review of the record, we conclude that this is the only requirement of the modified Just rule which is satisfied.

6

The State argues that the first modified Just requirement is fulfilled because the acts committed by appellant between May 1993 and July 1993, and the charged acts, were similar. We have consistently held that the prior acts do not have to be identical to the charged conduct, only sufficiently similar. State v. Tecca (1986), 220 Mont. 168, 172, 714 P.2d 136, 138. See also State v. Brooks (1993), 260 Mont. 79, 857 P.2d 734; State v. McKnight (1991), 250 Mont. 457, 820 P.2d 1279; State v. Sadowski (1991), 247 Mont. 63, 805 P.2d 537; State v. Gambrel (1990), 246 Mont. 84, 803 P.2d 1071; State v. Eiler (1988), 234 Mont. 38, 762 P.2d 210; State v. Long (1986), 223 Mont. 502, 726 P.2d 1364. There is no rigid rule for determining when conduct is sufficiently similar, rather, the determination of similarity depends on whether that conduct has some relevance to prove an issue in dispute. Keys, 852 P.2d at 623.

The issue in dispute here is whether appellant used a weapon to cause bodily injury or reasonable apprehension of serious bodily injury in Cynthia. Cynthia testified that commencing with the honeymoon, her husband's attacks were progressively more violent and that appellant threatened to kill her on at least two occasions. Given that appellant denied using a weapon in the assault on his wife, the evidence that he had previously, regularly beat her in a progressively more violent manner tended to prove that his last assault had gone beyond merely slapping her "a few times" as he conceded, but had escalated, as the State maintained,

7

to his use of a weapon to injure her or to produce reasonable apprehension of serious bodily injury.

Accordingly, under our prior case law, while the prior assaults in this case were not identical to the charged assaults, they were sufficiently similar for Rule 404(b) purposes in that they were relevant to prove the issue in dispute.

The State next argues that the third modified Just requirement is satisfied because evidence of the other acts of assault against Cynthia is relevant to show appellant's intent and motive in committing the charged offense. While motive and intent are allowable purposes for admitting prior acts evidence, "merely reciting an allowable purpose is not sufficient if the evidence does not further that purpose or that purpose is not an issue in dispute." Keys, 852 P.2d at 625.

In its reply to appellant's motion in limine to exclude evidence of prior acts, the State argued that "the prior beatings are explanatory of [appellant's] mental state at the time he committed the crimes charged. . . The prior beatings are explanatory of what [appellant] thought when he committed the crimes charged, and they are explanatory of what [appellant] wanted Cynthia to think . . when she was being beaten . on July 9 and July 10, 1993." The State's argument is conclusory, and it fails to demonstrate how the appellant's prior acts show his motive for or intent to commit felony assault. We stated in Sadowski, that to be admissible as relevant to show motive or intent, the commission of the first crime or act should give rise to a motive

8

or reason for the defendant to commit the second crime. Sadowski, 805 P.2d at 537. Keeping in mind that appellant admitted assaulting Cynthia, but denied use of a weapon (that being the only issue), there was simply nothing in the history of the prior assaults (none of which involved the use of a weapon) that would give rise to a motive or reason for appellant to use a weapon during the charged assault. If anything, the contrary is true. The purposes for which the State contends the prior acts are being offered are not relevant to the issue of whether appellant assaulted Cynthia with a weapon, or whether he caused her to reasonably apprehend bodily injury from the use of a weapon. Again, the only purpose for this evidence is to imply that appellant acted in conformity with his prior bad acts. Rule 404(b), M.R.Evid., specifically prohibits such evidence.

Accordingly, since part 3 of the four-part Just/Matt test is not satisfied, the other crimes evidence should not have been admitted.

We hold that the District Court abused its discretion in allowing testimony of prior assaults by appellant against Cynthia.

<u>ISSUE 2</u>

Did the District Court properly instruct the jury as to the unanimity of its verdict?

It is within the district court's discretion to decide how to instruct the jury, taking into account the theories of the contending parties, and we will not overturn the district court except for abuse of discretion. Contreras v. Vannoy Heating & Air

9

Conditioning (Mont. 1995), 892 P.2d 557, 558, 52 St. Rep. 246, 248.

A jury must reach a unanimous verdict in a criminal trial. Mont. Const. art. II, § 26. The State argues that this Court has consistently held that once the jury has been instructed that it must reach a unanimous verdict, the district court is not required to repeat this instruction for every alternative charge, provided that substantial evidence supports all of the alternatives. State v. Warnick (1982), 202 Mont. 120, 129, 656 P.2d 190, 194-95. See also State v. Cannon (1984), 121 Mont. 157, 687 P.2d 705; McKenzie v. Osborne (1981), 195 Mont. 26, 640 P.2d 368; Fitzpatrick v. State (1981), 194 Mont. 310, 638 P.2d 1002, cert. denied (1981), 449 U.S. 891. The cases cited by the State address alternative states of mind and alternative charges, and therefore, are distinguishable. By contrast, the present case addresses charging a defendant with multiple acts of felony assault under one count, the need for the court to properly instruct the jury as to unanimity given the charging document, and the requirement that the jury render a unanimous verdict under at least one separate act of felony assault.

Appellant was charged with and found guilty of one count of felony assault under § 45-5-202, MCA, which includes two different statements of the same offense. Subsection (a) requires that the State prove bodily injury to the victim by use of a weapon. Subsection (b) requires that the State prove reasonable apprehension of serious bodily injury to the victim by use of a weapon. The District Court instructed the jury that "[t]he law

10

requires the jury verdict in this case to be unanimous. Thus, all twelve of you must agree in order to reach a verdict whether the verdict be guilty or not guilty." The jury was instructed further that "[i]n your deliberations you shall first consider the charge of Felony Assault . . . [a]ll twelve of you must find the defendant either guilty or not guilty of that charge."

Appellant argues that although the District Court instructed the jury to return a unanimous verdict, it failed to specifically instruct the jury to return a unanimous verdict regarding one or more specific acts. In addition, appellant asserts that the District Court erred by failing to use a proposed verdict form that would have required the jury to find appellant guilty or innocent under one, but not both, sections of the felony assault statute. By contrast, the verdict form supplied by the District Court provides:

> We the jury, duly empaneled and sworn to try the issues in the above case, unanimously find as follows:

Count I

Of the charge of Felony Assault, we find the defendant

<u>Guilty</u>

Although the jury was instructed as to the requirement of a unanimous verdict, it is not clear from either the instructions or the jury verdict form under which section of the felony assault statute that the jury reached its verdict. The jury may have signed the verdict form concluding that appellant was guilty of felony assault without reaching a unanimous verdict as to either or

11

both of the statements of felony assault set forth in subsections (a) or (b). It is impossible to determine from the jury verdict form whether all 12 members of the jury, or fewer than 12, found appellant guilty of felony assault under subsection (a), subsection (b), or both.

We conclude that appellant's constitutional right to a unanimous verdict was not protected by either the jury instructions or the jury verdict form. Both the instructions and the verdict form should have been structured so that it was clear to the jury that it was required to reach a unanimous verdict under subsection (a), subsection (b), or both.

We hold that the District Court erred by not properly instructing the jury as to the unanimity of its verdict.

We reverse and remand for further proceedings consistent with this opinion.

_____
                Justice

We concur:


_____
     Chief Justice


_____
     Justices

12

Justice James C. Nelson dissents and specially concurs


I dissent from our opinion on Issue 1 (other crimes evidence) and specially concur with our decision on Issue 2 (unanimity of the jury verdict).

## Issue 1

Appellant's abuse of his wife began, literally, on their honeymoon, two days after they were married, when Appellant punched, slapped and yelled at Cynthia after she expressed a desire to attend her stepfather's funeral. Similar beatings occurred throughout the honeymoon trip and after the couple returned to Belgrade to live. The beatings were usually precipitated by a claim that Cynthia had talked to someone she should not have. Cynthia testified that her husband's attacks were progressively more violent and that Appellant threatened to kill her on at least two occasions. This abuse culminated with the incidents for which Appellant was charged and which are described in our opinion. The Appellant conceded that he slapped Cynthia "a few times." To the contrary, however, the physician who examined Cynthia in the emergency roomtestifiedthat he found numerous bruises, tenderness and swelling on various parts of her body, including her face, stomach, shoulders, arm and ribs -- some of those injuries consistent with her being hit with a piece of firewood.

We conclude that the evidence of Appellant's pre-July 9th assaults on Cynthia was improperly admitted because, even though sufficiently similar for Rule 404(b) purposes to prove the issue in

13

dispute, such conduct was, nevertheless, not relevant to prove Appellant's intent and motive in committing the charged offense which involved an assault with a weapon or reasonable apprehension of bodily injury from the use of a weapon. I disagree with our conclusion in this latter respect. Rather, I conclude that such evidence was relevant to prove Appellant's motive and intent; that such evidence was, therefore, properly admitted; and that part three of the four part Just/Matt test was, thus, satisfied.

As our opinion correctly observes, we stated in Sadowski, that to be admissible as relevant to show motive or intent, the commission of the first crime or act should give rise to a motive or reason for the defendant to commit the second crime. Sadowski, 805 P.2d at 542. Again, keeping in mind that the Appellant admitted assaulting Cynthia but denied use of a weapon, (that being the only issue); and keeping in mind the progressively more violent nature of Appellant's assaults on his wife between the time they were married and the time of the offense, the uncharged conduct was relevant to establish Appellant's intent to actually cause bodily injury or cause reasonable apprehension of serious bodily injury to Cynthia. Given the progressively more violent history of their re- lationship, the jury could have inferred on the basis of the other crimes evidence that Appellant's increasing level of violence, albeit without the use of a weapon, had not produced, at least in his mind, the result desired -- i.e., Cynthia was still talking to people she should not be talking to. Accordingly, threatening

14

Cynthia with a weapon or actually injuring her with a weapon was the next logical step necessary for Appellant to obtain control over his wife. In short, if slapping her around, punching her and threatening to kill her did not make a believer out of her, perhaps stabbing a 12-inch long serrated knife into a wall next to her face, threatening her with a jagged glass bottom and hitting her with a piece of firewood would.

I conclude that, under the facts of this case, the other crimes evidence was relevant, and thus admissible, as it tended to establish the motive and reason for Appellant's use of a weapon in the charged assault. Accordingly, I dissent from our opinion on Issue 1.

Issue 2

In my view the problem with the jury instructions and the verdict form followed as the natural consequence of the manner in which the Appellant was charged in the amended information. The offense of felony assault was charged in the amended information as follows:

> count 1: Felony Assault, in violation of Section 45-5-202(2)(a) and (b), MCA, committed on or about the night of July 9 to July 10, 1993, when the defendant purposely or knowingly caused bodily injury to Cynthia Weldy with a weapon when he hit her with a piece of firewood, causing pain, and when the defendant purposely or knowingly caused Cynthia Weldy to have reasonable apprehension of serious bodily injury by use of a weapon when he brandished a knife so that she would see it, hit her with a piece of firewood, and broke a glass and held part of the broken glass near her so that she would see it.

Section 46-11-404(1), MCA (1991), provides:

> Two or more offenses *or different statements of the*

*15*

*same offense maybe charged in the same charging document in a separate count,* or alternatively, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan. Allegations made in one count may be incorporated by reference in another count. [Emphasis added.]

In my view, at least, the proper interpretation of the statutory language is that while the prosecution has the discretion to charge different offenses or different statements of the same offense in one information, separate offenses and different statements of the same offense should be charged in separate counts. A prosecutor would not charge two or more different offenses in the same count -- e.g., aggravated kidnapping, deliberate homicide and robbery all in count one of an information. By the same token, since the emphasized portion of the statute makes no differentiation between different offenses and different statements of the same offense, it logically follows that the statute contemplates that different statements of the same offense be charged each in a separate count as well. To interpret the language otherwise, would render the words "in a separate count" surplusage; all the statute would have had to say is that two or more offenses or different statements of the same offense may be charged in the same charging document.

Here, had the offenses of felony assault under § 45-5-202(2)(a), MCA, and under § 45-5-202(2)(b), MCA, been charged in separate counts as contemplated by the statute, the instructions and verdict form would, more than likely, have followed appropriately from the way in which the amended information was

*16*

drafted.


_____
                    Justice

    Chief Justice J.A. Turnage and Justice Fred J. Weber join in
the foregoing dissent and special concurrence of Justice James C.
Nelson.

_____
                  Chief Justice

_____
                    Justice

Justice Karla M. Gray, specially concurring.


    I concur in the Court's opinion on issue 1 regarding the
inadmissibility of "other acts" evidence.  I join Justice Nelson's
special concurrence on issue 2 regarding the unanimity of the
verdict.

_____
                    Justice

STATE'OF MONTANA,                          )
                                           )
        Plaintiff and Respondent,          )
                                           )
    -v-                                    )        O R D E R
                                           )
RALPH O. WELDY.                            )
                                           )
        Defendant and Appellant.           )

In response to a petition for rehearing from the State of Montana we amend the opinion as follows, beginning on page 10, line 12:

~~The cases cited by the State address alternative states of mind and alternative charges, and therefore, are distinguishable. By contrast, the present case addresses charging a defendant with multiple acts of felony assault under one count, the need for the court to properly instruct the jury as to unanimity given the charging document, and the requirement that the jury render a unanimous verdict under at least one separate act of felony assault.~~

We replace the above language with the following:

The cases cited by the State address alternative mental states (purposely or knowingly) which relate to each element of the offense in question. Purposely and knowingly are not independent elements: Rather they are alternative means of satisfying each of the elements of the underlying offense. State v. Warnick, 202 Mont. 120, 128 (to sustain the charge of aggravated assault, the state must prove each element of the offense was done purposely or knowingly).

In Schad v. Arizona (1991), 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555, the United States Supreme Court held that it is erroneous to assume that statutory alternatives are ipso facto independent elements defining independent crimes under state law. "In point of fact . . . legislatures frequently enumerate alternative means

of committing a crime without intending to define separate elements of separate **crimes...** " In Kills on Top v. State, 52 St.Rep. 608, we cited <u>Schad</u> for the above proposition and held that the alternatives set forth in the aggravated kidnapping statute § 45-5-303 MCA, represented different means of committing the same offense rather than separate offenses. Accordingly, the jury in <u>Kills on Top</u> did not have to indicate upon which alternative it based the defendant's guilt.

In <u>Kills on Top</u> we were addressing the aggravated kidnapping statue which has the following elements and alternative means of satisfying those elements:

> 1. Knowingly or purposely and without lawful authority restrain another person by either
>> a: secreting or holding in a place of isolation; or
>> b: using or threatening physical force
>
> 2. With the purpose of:
>
>> a: hold for ransom or reward or as a shield
>> b: facilitating commission of felony or flight thereafter,
>> c: to inflict bodily injury or terrorize victim,
>> d: interfere with performance of governmental or political function, or
>> e: hold another in involuntary servitude.

The alternatives in the aggravated kidnapping statute are not separate elements in themselves, rather they are different means of satisfying a specific common element. The alternatives of secreting or threatening physical force are alternative means of satisfying the element of restraint. The five alternatives of facilitating commission of robbery or terrorizing the victim, etc., are alternative means of satisfying the element of purpose.

In contrast, the felony assault statute involved in the present case states that a person commits the offense of felony assault if he purposely or knowingly causes:

> 1. Bodily injury with a weapon;
> 2. Reasonable apprehension of bodily injury with a weapon, or

2

3. Bodily injury to a peace officer.

These three alternatives, unlike the alternatives in the aggravated kidnapping statute, are not alternative means of satisfying one common element. Rather, they each set forth separate offenses in themselves.

Sincetheyrepresent separate offenses, they should, as the special concurrence suggests, be charged as separate offenses. Here, they were charged in one count as one offense.

In addition, change the last paragraph on page 10 to read:

Appellant was charged with and found guilty of one count of felony assault under § 45-5-202 MCA, which includes two different statements of the same offense, sets forth three distinct statements of felony assault. Subsection (a) . . . (b) and (c)

In all other respect the opinion shall remain the same.

The petition for rehearing is denied.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

August 4, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Alfred F. Avignone
Attorney at Law
P.O. Box 5121
Bozeman, MT 59717

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

A. Michael Salvagni, County Attorney
Gary Balaz, Deputy
615 South 16th
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy