No. 99-068

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 74

299 Mont. 111

999 P. 2d 296

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT SWEENEY,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

William F. Hooks, Appellate Defender's Office, Helena, Montana

**For Respondent:**

Hon. Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Robert McCarthy, Silver Bow County Attorney; Ann M. Shea and

Eileen Joyce, Deputy County Attorneys, Butte, Montana

_____

Submitted on Briefs: October 28, 1999

Decided: March 23, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1.Robert Sweeney appeals from the Findings of Fact, Conclusions of Law, Judgment and Order entered by the Second Judicial District Court, Silver Bow County. We reverse and remand.

¶2.We restate the issues presented on appeal as follows:

¶(1). Whether the District Court erred in admitting evidence of Sweeney's prior conviction for sexual assault?

¶(2). Whether Sweeney was denied his constitutional right to a unanimous jury verdict, requiring the reversal of his conviction?

## BACKGROUND

¶3.On December 30, 1997, Robert Sweeney was charged by Information with one count of sexual intercourse without consent in violation of § 45-5-503(1) and (3)(a), MCA. At arraignment, Sweeney entered a plea of not guilty with regard to the charge. On January 22, 1998, the District Court, upon motion of defense counsel, ordered a psychiatric evaluation of Sweeney to determine whether Sweeney was suffering from a mental disease or defect affecting his ability to assist in his defense and whether Sweeney was able to form the requisite mental state for the crime with which he had been charged.

¶4.At the omnibus hearing conducted on February 17, 1998, the State indicated that it intended to present evidence of prior acts or convictions and Sweeney indicated that he would rely on the defenses of mental disease or defect, alibi, and mistaken identity and introduce evidence of his good character. On that same date, the State provided Sweeney with written notice of its intent to introduce evidence of Sweeney's prior sexual assault conviction in Wisconsin to prove knowledge, motive, and lack of mistaken identity.

¶5.On February 18, 1998, the State was granted leave to file an Amended Information. The Amended Information charged Sweeney with one count of sexual intercourse without consent in violation of § 45-5-503(1) and (3)(a), MCA, or, in the alternative, with one count of sexual assault in violation of § 45-5-502(1) and (3), MCA. The State specifically alleged that Sweeney either knowingly had sexual intercourse without consent with his nine year old niece or knowingly subjected her to sexual contact without consent on two occasions between April and June 1996.

¶6.Prior to Sweeney's arraignment on the charges contained in the Amended Information, Sweeney filed a brief opposing the introduction of evidence of other crimes or wrongs. Sweeney alleged that the proposed evidence did not meet the criteria set forth in the Modified *Just* Rule. The State responded by asserting that the proposed evidence meets the first three criteria of the Modified *Just* Rule and thus, its probative value outweighs any prejudice to Sweeney. The District Court agreed with the State's analysis and denied Sweeney's motion to suppress the evidence of other crimes or wrongs.

¶7.On August 17, 1998, Sweeney filed a trial brief abandoning his prior reliance on the defenses of mental disease or defect and mistaken identity, denying the allegations made against him, and stating his intent to present an alibi defense, a general denial, and evidence discrediting the police investigation. In addition, Sweeney stated that while he may have suffered from a disassociative personality disorder at the time of the sexual assault that occurred in Wisconsin, there is no evidence that he suffered from the disorder at the time of the alleged offense in this case. Moreover, Sweeney indicated his intent to object to the introduction of any evidence regarding this disorder.

¶8.In its trial brief, the State reiterated its position regarding the introduction of evidence of other crimes or wrongs, *inter alia*. In addition, the State declared that it intended to introduce this evidence to prove Sweeney's motive and identity and to prove that Sweeney acted with knowledge.

¶9.A jury trial commenced on August 24, 1998. Prior to submission of this case to the jury for deliberation, the State dismissed the charge of sexual intercourse without consent. Following deliberations, the jury found Sweeney guilty of the charge of sexual assault.

¶10.On December 1, 1998, the District Court conducted a sentencing hearing. After review of the presentence investigation report, consideration of a statement made by Sweeney, and consideration of defense counsel and the prosecution's arguments regarding sentencing, the District Court entered findings of fact and conclusions of law. Based on these findings and conclusions, the District Court sentenced Sweeney to a term of 40 years for the sexual assault conviction and a term of 5 years based on Sweeney's status as a persistent felony offender, both sentences to run concurrently. The District Court suspended 15 years of the sentence imposed subject to specific terms and conditions. Sweeney appeals from the District Court's Findings of Fact, Conclusions of Law, Judgment, and Order.

## STANDARD OF REVIEW

¶11.The standard of review for evidentiary rulings is whether the district court abused its discretion. *See State v. Gollehon* (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263 (citation omitted). Whether evidence is relevant and admissible is left to the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *See State v. Rogers*, 1999 MT 305, ¶ 11, 56 St.Rep. 1228, ¶ 11 (citation omitted).

## DISCUSSION

¶12.. Whether the District Court erred in admitting evidence of Sweeney's prior conviction for sexual assault?

¶13.The District Court agreed with the State's analysis of the Modified *Just* Rule and admitted the State's evidence of other crimes or wrongs via testimony by the probation officer who supervised Sweeney's probation in Butte from November 16, 1992, until his probation expired on July 24, 1994. The probation officer testified that Sweeney had previously sexually assaulted his five year old stepdaughter while residing in Wisconsin and provided a brief description of Sweeney's sexual behavior during the assault. In addition, the State introduced into evidence certified copies of the Criminal Complaint, Information, and Judgment of Conviction relating to Sweeney's sexual assault conviction

based on the entry of an *Alford* plea in the Wisconsin court in 1989.

¶14.The admissibility of evidence of other crimes is controlled by Rule 404(b), M.R.Evid., which states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have previously stated that the general rule of Rule 404(b), M.R.Evid., must be strictly enforced except where a departure is clearly justified, and exceptions to the rule must be carefully limited. *See State v. Keys* (1993), 258 Mont. 311, 315, 852 P.2d 621, 623. To insure that evidence of prior crimes is not used as character evidence, we have developed four criteria, referred to as the Modified *Just* Rule, to be used in determining the admissibility of such evidence:

(1) The other crimes, wrongs or acts must be similar.

(2) The other crimes, wrongs or acts must not be remote in time.

(3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*State v. Matt (1991), 249 Mont. 136, 142, 814 P.2d 52, 56.*

¶15.In *Matt* we stated that the procedural requirements set forth in *State v. Just* (1979), 184 Mont. 262, 274, 602 P.2d 957, 963-64, must also be satisfied by the party offering such evidence. 249 Mont. at 142-43, 814 P.2d at 56. In this case, the parties do not dispute that the procedural requirements were met. Sweeney received written notice of the State's intent to introduce evidence of his prior sexual assault conviction; the District Court

advised the jury on the purpose of the evidence at the time of its introduction; and the District Court instructed the jury in its final charge on the purpose of the evidence. Thus, we turn our attention to whether the evidence of Sweeney's prior sexual assault conviction satisfies the criteria of the Modified *Just* Rule.

¶16.On appeal, Sweeney alleges that the third and fourth criteria of the Modified *Just* Rule have not been met. Sweeney argues that the evidence relating to his prior conviction for sexual assault in Wisconsin was not relevant with regard to any permissible purpose, was improperly admitted, and unfairly prejudiced his right to a fair trial. The State contends that the District Court properly admitted the evidence under the Modified *Just* Rule as probative of Sweeney's motive, intent, identity, and knowledge. Moreover, the State asserts that evidence may be properly admitted when the jury is instructed regarding the evidence and its probative value is not substantially outweighed by the danger of unfair prejudice.

¶17.The State asserts that the District Court properly relied on our decisions in *State v. Medina* (1990), 245 Mont. 25, 798 P.2d 1032, and *State v. Whitlow* (1997), 285 Mont. 430, 949 P.2d 239, in support of its determination that the evidence of Sweeney's prior sexual assault conviction was admissible for a proper purpose. In our view, however, these cases are distinguishable from the case at issue.

¶18.First, *Medina* involved a defendant accused of sexually assaulting his daughter. Five years earlier, Medina had pled guilty to sexually assaulting this same daughter. The defendant and his family testified that due to his previous conviction, strict rules and safeguards were imposed in the home. While this Court affirmed the admission of the evidence of Medina's prior conviction for a number of purposes, this case was decided prior to the adoption of the Modified *Just* Rule in *Matt*. The analysis in *Medina* was premised on the criteria set forth in *Just* and focused on whether it was admitted for the purpose of proving a common scheme, plan, or system. Therefore, *Medina* is not helpful to our analysis in this case under the Modified *Just* Rule.

¶19.Second, in *Whitlow* the defendant showed up at the emergency room with the victim, stating that he had encountered the six-year-old girl while fishing and that she had told him she had been raped. Whitlow told the attending physician that he had a prior record of sexual assault and that he was afraid that he would be blamed for hurting the girl. Whitlow's statement to the physician was admitted during trial and Whitlow raised no objection to its introduction. Also, there was a question of whether Whitlow or another

person was the perpetrator of the assault. On appeal, we held that Whitlow's prior conviction for sexual assault was admissible to prove intent, identity, and absence of mistake or accident. Our analysis focused on the fact that Whitlow used his prior conviction to bolster his defense claiming that because of his prior conviction it would not make sense for him to take the victim to the hospital if he had been the one who assaulted her.

¶20.Here, Sweeney simply denied committing the sexual assault in 1996. Unlike Whitlow, Sweeney did not open the door to the prior conviction nor did he claim that the prior conviction somehow negated the possibility that he may have committed the offense charged. Therefore, *Whitlow* is not helpful to our analysis in this case.

¶21.Having concluded that neither *Medina* nor *Whitlow* provides any meaningful guidance in the case *sub judice*, we shall begin our analysis by addressing each purpose identified by the State for the introduction of evidence of Sweeney's prior sexual assault conviction. First, the State alleges that this evidence was introduced to prove Sweeney's motive and intent for committing the alleged sexual assault in 1996. In support of its contention, the State asserts that prior sexual assaults involving similar behavior tend to prove the defendant's motive and intent. Sweeney contends that when a defendant denies committing the crime charged, intent is not ordinarily a material issue for purposes of admitting evidence of other crimes. With regard to motive, Sweeney asserts that for evidence of other crimes to be admissible to show motive, the commission of the first crime should give rise to a motive or reason for the defendant to commit the second crime.

¶22.Generally, evidence of other crimes is admissible to prove a defendant's intent only if the trial court finds that intent is a material issue. *See* 2 Joseph M. McLaughlin et al., Weinstein's Federal Evidence § 404.22[1][b], at 404-76.1 (2d ed. 1999). "When a defendant denies participation in the act or acts which constitute the crime, intent is not a material issue for purposes of applying Rule 404(b)." *United States v. Powell* (9th Cir. 1978), 587 F.2d 443, 448 (citations omitted). In this case, Sweeney has repeatedly denied committing either of the offenses charged. Since intent was not a material issue, we conclude that the evidence of Sweeney's prior sexual assault conviction was improperly admitted for the purpose of proving intent.

¶23.In addition, for evidence of prior crimes to be admissible to show motive or intent, "the commission of the first crime or act should give rise to a motive or reason for the defendant to commit the second crime." *State v. Weldy* (1995), 273 Mont. 68, 75, 902 P.2d

1, 5 (citation omitted). Here, the State has not shown a connection between the Wisconsin sexual assault in 1989 that would give rise to a motive or reason for Sweeney to commit the sexual assault in 1996. Thus, we conclude that the evidence of Sweeney's prior sexual assault conviction was improperly admitted for the purpose of proving motive.

¶24.Second, the State alleges that the evidence of Sweeney's prior sexual assault conviction was introduced to prove Sweeney knowingly committed the offense of sexual assault in 1996. The State contends that the District Court correctly found that Sweeney's previous conviction was relevant to prove whether or not he was aware that his alleged conduct created the assault or created circumstances that resulted in the assault. Sweeney contends that his knowledge was not an issue in dispute.

¶25.Where evidence of a prior crime is admitted to prove knowledge, its admissibility requires "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *United States v. Martinez* (9th Cir. 1999), 182 F.3d 1107, 1111 (citation omitted). Essentially, the inquiry is whether the defendant's prior crime or act made the existence of his knowledge concerning the current crime more probable than not. *See Martinez,* 182 F.3d at 1112.

¶26.In this case, the State introduced evidence of Sweeney's prior claim of a disassociative disorder at the time of the 1989 sexual assault and the fact that Sweeney had indicated to a police investigator that he placed boundaries on himself when around children. However, Sweeney denied suffering from any such disorder at the time of the alleged offense in 1996 and did not testify at trial regarding any boundaries placed on himself while in the presence of children.

¶27.Sweeney did not claim that he did not know that his actions constituted a crime nor did he claim that he did not have the requisite mental state at the time of the crime. Rather, Sweeney has steadfastly maintained that he did not commit either of the offenses charged. Thus, the evidence of Sweeney's prior conviction did not make the existence of his knowledge concerning the 1996 sexual assault more probable than not. Therefore, we conclude that the evidence of Sweeney's prior sexual assault conviction was improperly admitted for the purpose of proving knowledge.

¶28.Third, the State alleges that the evidence of Sweeney's prior sexual assault conviction was introduced to prove Sweeney's identity as the perpetrator of the sexual assault in 1996. The State contends that this evidence is probative in light of Sweeney's assertion of

an alibi defense. Sweeney argues that the victim of the 1996 sexual assault testified that he was the person who had assaulted her and thus, his identity as the alleged perpetrator of the 1996 sexual assault was never at issue.

¶29.Identity is rarely a distinct ground for admission of other acts or crimes but usually flows from one or more of the other listed purposes. Certainly, the need to prove identity should not be, in itself, a ticket to admission. *See* 1 John W. Strong et al., McCormick on Evidence § 190, at 668 (5th ed. 1999). Therefore, when evidence of other crimes or acts is introduced to prove identity, the other crime or act must be sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue. *See United States v. Luna* (9th Cir. 1994), 21 F.3d 874, 878-79 (citations omitted). A much greater degree of similarity between the charged crime and the other crime is required when the evidence is introduced to prove identity than when it is introduced to prove a state of mind. *See* 1 John W. Strong et al., McCormick on Evidence § 190, at 668 (5th ed. 1999).

¶30.In *Luna*, the Ninth Circuit concluded that given the various differences among the four robberies, the generic quality of the elements the crimes shared in common and the differences that existed within the common elements of the four robberies, the trial court erred in admitting the other crimes evidence for the purpose of showing identity. *See Luna*, 21 F.3d at 882. The Ninth Circuit went on to state:

The difference between the proper use of other acts evidence to prove identity and the improper use of such evidence to prove propensity is a subtle matter. It is proper to infer that two distinctive crimes (e.g., two armed bank robberies committed by a person wearing Mickey Mouse ears) were committed by the same person; it is improper to infer that two merely similar crimes (e.g., two armed bank robberies) were, since the latter conclusion depends upon an inference about character. Somewhere along the continuum from merely similar crimes to truly distinctive crimes, an improper inference about propensity (the defendant is guilty because he committed another similar crime, and because people tend to behave consistently) can become a proper inference about identity (these two acts are so distinctive that only one person could have committed them both).

*Luna, 21 F.3d at 882.*

¶31.In this case, there is some similarity between the age and gender of the victim and the sexual behavior involved in the 1988-89 sexual assault and the 1996 sexual assault,

however, there are also a number of differences. The sexual behavior involved in 1988-89 included Sweeney getting on top of his five-year-old stepdaughter, licking her genitalia, and placing her hands on his penis. With regard to the 1996 assault, Sweeney's nine-year-old niece testified that Sweeney had licked her genitalia and had on another occasion unbuttoned her shirt and pants and touched her chest. In addition, Sweeney's niece testified that on the occasion where he had unbuttoned her clothing, Sweeney had put his hand over her mouth to stop her from screaming and told her to shut up.

¶32.As repulsive as Sweeney's alleged conduct may be on both occasions, it is not necessarily distinctive in the context of sexual assaults. Sweeney allegedly performed acts, involving different victims, of a nature that unfortunately give rise to many sexual assault cases. There is nothing in Sweeney's alleged conduct that was sufficiently distinctive to warrant an inference that since he committed the prior sexual assault he must have committed the sexual assault in 1996. For prior sexual conduct or convictions to be admissible in order to establish identity in a subsequent prosecution, there must be something distinctive about the conduct, not just the fact that the defendant committed a prior sexual assault, which points to the defendant as the perpetrator. There was nothing particularly distinctive here. As such, we conclude that the evidence of Sweeney's prior sexual assault conviction was improperly admitted for the purpose of proving Sweeney's identity as the perpetrator of the 1996 sexual assault.

¶33.In summary, we conclude that the evidence of Sweeney's prior sexual assault conviction was not admissible to prove motive, intent, knowledge, or identity under the third criteria of the Modified *Just* Rule. Since this evidence has failed to satisfy the third criteria of the Modified *Just* Rule, we need not address the fourth criteria. As a result, it appears that the only purpose for the evidence was to prove Sweeney's character and to show that he acted in conformity with that character, which is expressly prohibited by Rule 404(b), M.R.Evid.

¶34.Notwithstanding the explicit provisions of Rule 404(b), M.R.Evid., one might argue that sexual offenses are unique and evidence of prior sexual offenses establish that a defendant has a propensity to commit sexual offenses in the future. In fact, this notion is reflected in the Federal Rules of Evidence. Rule 413 of the Federal Rules of Evidence creates an exception to Rule 404(b) and allows for the admission of evidence of prior sexual assaults in a criminal case where the defendant is accused of sexual assault. However, Montana has not adopted such a rule with regard to sexual assault cases. Thus, the admission of evidence of prior crimes, wrongs, or acts in Montana is governed by Rule

404(b), M.R.Evid. Therefore, we hold that the District Court abused its discretion in admitting evidence relating to Sweeney's 1989 sexual assault conviction under Rule 404(b), M.R.Evid., and remand this case to the District Court for a new trial.

¶35.Since we reverse and remand for a new trial on the first issue, we need not address Sweeney's claim that he was denied his constitutional right to a unanimous jury verdict, requiring reversal of his conviction.

¶36.Reversed and remanded.

/S/ JIM REGNIER

We Concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

Justice Karla M. Gray, dissenting.

¶36.I respectfully dissent from the Court's opinion. I would affirm the District Court's admission of the other crimes evidence for the purpose of identity under Rule 404(b) and this Court's Modified *Just* Rule.

¶37.With regard to the Rule 404(b) evidence of Sweeney's prior conviction for sexual assault, I disagree with the Court's conclusion that *Whitlow* provides no guidance. There, as the Court states, "there was a question of whether Whitlow or another person was the perpetrator of the assault" and we held the defendant's prior conviction for sexual assault was admissible to prove identity. The same question is at issue in the present case. In both cases, the victim identified the defendant as the perpetrator and the defendant denied having committed the offense. In the present case, Sweeney also asserted an alibi defense. Under such circumstances, the victim's identification of the perpetrator was at issue and the prior conviction for sexual assault was properly admitted under Rule 404(b), the third prong of our Modified *Just* Rule and *Whitlow*.

¶38.I also disagree with the Court's analysis, adoption and application of the Ninth Circuit's standard for admissibility of Rule 404(b) evidence for the purpose of identity. First, the Ninth Circuit's Rule 404(b) admissibility test is significantly different from this Court's test as set forth in the Modified *Just* Rule. *See Luna*, 21 F.3d at 878-79. In pertinent part, that test differs from this Court's in that the "similarity" element only applies in certain cases and it is part of the Ninth Circuit's test that, where other crimes evidence is introduced to prove identity, a much greater degree of similarity is required than in other cases. *See Luna*, 21 F.3d at 882. Under the first prong of this Court's Modified *Just* Rule, however, the similarity of the prior act to the offense charged must be established in every instance; our test does not include heightened degrees of similarity depending on the purpose for which the evidence is introduced under the third prong.

¶39.Moreover, and importantly, while Sweeney challenged the similarity element--the first prong--of the Modified *Just* Rule in the District Court, he does not do so on appeal. Instead, he limits his argument to the third prong--whether the other crimes evidence was properly admitted for the identity purpose set forth in Rule 404(b). In my view, the evidence was admissible under both *Whitlow* and the Modified *Just* Rule. I would not engraft a second "similarity" element onto our test, particularly where it is culled from another jurisdiction's Rule 404(b) test differing significantly from that well established by this Court.

¶40.I would hold that the District Court did not abuse its discretion in admitting evidence of Sweeney's prior conviction for sexual assault, and I dissent from the Court's failure to do so.

/S/ KARLA M. GRAY

Chief Justice J. A. Turnage joins in the foregoing dissenting opinion.

/S/ J. A. TURNAGE