JUSTICE NELSON
specially concurs.
¶71 I concur in our decision. I write separately only to emphasize a point alluded to at ¶ 66.
¶72 As I stated in my concurrence to our decision in State v. Weldy (1995), 273 Mont. 68, 80, 902 P.2d 1, 8, the failure to give a specific unanimity instruction followed as a natural consequence of the way Pope was charged. The amended information charged Pope in Count I as follows:
On or about November 29, 1993, the above-named Defendant knowingly had sexual intercourse without consent with Jane Doe and/or Susan Doe. Both suffered bodily injury.[1]
¶73 As our decision recognizes, there were two separate victims of Pope’s conduct in this case, A.J. and M.J. That being the case, it follows that two separate offenses of sexual intercourse without consent were allegedly committed. Sections 46-11-404(1) and (3), MCA (1991), provide:
(1) Two or more offenses or different statements of the same offense may be charged in the same charging document in a separate count, or alternatively, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan. Allegations made in one count may be incorporated by reference in another count. [Emphasis added.]
(3) The prosecution is not required to elect between the different offenses set forth in the charging document, and the defendant may be convicted of any number of the offenses charged except as provided in 46-11-410. Each offense of which the defendant is convicted must he stated in the verdict or the finding of the court. [Emphasis added.]
¶74 Properly interpreted, this statutory language allows the prosecution the discretion to charge different offenses or different statements of the same offense in one information or charging document, but requires that separate offenses, as in the case at bar, be charged in separate counts. Weldy, 273 Mont. at 78, 902 P.2d at 7 *402 (Nelson, J., concurring).
¶75 This statutory language does not contemplate what the prosecution did here-combine two separate offenses into one count by using language allowing for alternative choices. This sort of charging leads inevitably to jury confusion and, absent the trial judge giving a specific unanimity instruction, one can never be sure whether the jury unanimously agreed that the accused was guilty of crime A, crime B, or both. See also State v. Hardaway, 2001 MT 252, ¶¶ 8, 63-72, 307 Mont. 139, ¶¶ 8, 63-72, 36 P.3d 900, ¶¶ 8, 63-72 (holding that the trial court committed reversible error in failing to dismiss an amended information that charged the accused with committing burglary by entering the victim’s home with the intent to commit “either a theft or a sexual crime” and in failing to give a specific unanimity instruction, noting that “if an accused is charged in the alternative, the jury must be clearly instructed that it is required to reach a unanimous verdict as to each individual alternative.”); Brian M. Morris, Something Upon Which We Can All Agree: Requiring a Unanimous Jury Verdict in Criminal Cases, 62 Mont.L.Rev. 1, 24-34, (2001) (discussing in-depth the legal necessity for specific unanimity instructions under various scenarios under both federal and state law and also discussing the charging problem raised in Weldy).
¶76 Had Pope been properly charged, specific unanimity would have never become a problem, because the jury would have had to render its decision on each separate count-one count for A. J. and one count for M.J.-and, likewise, would have had to state its decision on each separate count on the verdict form.
¶77 Because of the way Pope was charged and because of the trial court’s failure to give a specific unanimity instruction, we do not know whether the jury believed Pope raped A.J., M.J., or both women. Indeed, as a consequence, we cannot say for certain that Pope was convicted of raping either victim.
¶78 I concur.

Jane Doe and Susan Doe are A.J. and M.J.