No. 02-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 193N

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

BENJAMIN A. WEIKERT,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Benjamin A. Weikert, *pro se*, Missoula, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

       Marty Lambert, Gallatin County Attorney, Bozeman, Montana


Submitted on Briefs: June 27, 2002

Decided: September 5, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Benjamin Weikert appeals from an order of the Eighteenth Judicial District Court, Gallatin County, denying his motion for credit for time served on probation.  We affirm.

¶3    In 1998, Weikert pled guilty to four felony counts and was sentenced to four five-year suspended sentences, to run concurrently. The District Court subsequently revoked Weikert's suspended sentences, following Weikert's in-court admission that he had violated the terms of those sentences, and sentenced him to five years with the Department of Corrections.

¶4    Weikert later moved for credit for time served on probation, pursuant to § 46-18-402, MCA.  The State of Montana responded and Weikert filed a reply brief, arguing for the first time that the revocation of his suspended sentence violated § 46-18-203(7)(b), MCA, because the court failed to state sufficient reasons for the revocation, and that his rights were violated under the equal protection and due process clauses of the federal and state constitutions.  On December 27, 2001, the District Court entered

2

its Memorandum and Order denying Weikert's motion. Weikert appeals.

¶5 The District Court concluded that § 46-18-402, MCA, is not applicable in the present case. It further concluded Weikert's reply brief was, in substance, a petition for postconviction relief, which was procedurally barred by the one-year time limitation contained in § 46-21-101 and -102, MCA. On appeal, Weikert abandons his original reliance on § 46-18-402, MCA, and does not assert error in the District Court's postconviction relief-related conclusions. He argues only the merits of the claims asserted in his reply brief.

¶6 The District Court's determinations are presumed correct and it is the appellant's burden to establish error by the court. *See State v. Aakre*, 2002 MT 101, ¶ 43, 309 Mont. 403, ¶ 43, 46 P.3d 648, ¶ 43. Weikert addresses neither the court's conclusion that § 46-18-402, MCA, is inapplicable, nor its conclusion that the issues raised in his reply brief were time-barred postconviction relief claims.

¶7 Weikert having failed to establish error in the District Court's postconviction relief-related conclusion, he is not entitled to substantive consideration of the issues underlying those conclusions. Therefore, we decline to address his arguments on the merits.

¶8 Affirmed.

/S/ KARLA M. GRAY

We Concur:

3

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE