FILED

11/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0467

DA 19-0467

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 293N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LEIGHTON SCOTT HUGHES,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2018-22
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Philip S. Chiaviello, Attorney at Law, Livingston, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Robert Stutz, Assistant
Attorney General, Agency Legal Services Bureau, Helena, Montana

          Dylan Jensen, Valley County Attorney, Glasgow, Montana

Submitted on Briefs:  November 4, 2020

Decided:  November 24, 2020

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Leighton Scott Hughes appeals a final judgment from the Seventeenth Judicial District Court, Valley County, charging Hughes with illegal possession of a controlled substance (methamphetamine), a felony.  We affirm.

¶3    On June 22, 2018, the Glasgow Police Department and the Valley County Sheriff's Office served an arrest warrant on Hughes at his home in Glasgow.  Incident to the arrest, Officer Ames, of the Glasgow Police Department, removed two clear plastic bags with crystal-like powder from Hughes' pocket.  The two plastic bags were placed into a different plastic bag and transferred to Officer Fisher's patrol car for processing after they were removed from Hughes' pocket.  After the arrest, Office Fisher logged the plastic bags with the crystal-like substance and a different plastic bag, marked "Exhibit B," into the Glasgow Police Department's evidence system and placed them into the temporary evidence lockers for Evidence Technician, Tasha Mix (Mix).  The plastic bag marked "Exhibit B" was described as a "sandwich bag that people have in their cupboards."  Mix placed the bags into a five-gallon bucket for transport to the State Crime Lab in Missoula.  Officer Edwards transported the bucket to the State Crime Lab, however, he failed to document who handled the bucket, aside from marking those individuals' initials.

2

¶4 On August 10, 2018, Hughes was charged with three felony offenses: (1) operation of unlawful clandestine laboratory, pursuant to § 45-9-132(1)(a), MCA; (2) attempted criminal distribution of dangerous drugs, pursuant to §§ 45-4-103(1) and 45-9-101, MCA; and (3) criminal possession of dangerous drugs (methamphetamine), pursuant to § 45-9-102(1), MCA. Hughes pleaded not guilty to the offenses and an evidentiary hearing was held in December 2018 where the District Court heard testimony from Officer Edwards. In January 2019, the State added an additional charge for criminal possession of precursors to dangerous drugs in an Amended Information. A trial was held on March 20, 2019. Hughes argued the State failed to establish a chain of custody for the evidence of methamphetamine. He also argued the evidence was substantially changed while in the State's possession. After hearing the testimony of witnesses and receiving exhibits, the jury found Hughes guilty of criminal possession of dangerous drugs (methamphetamine). In May 2019, the District Court sentenced Hughes for the felony charge of criminal possession of dangerous drugs (methamphetamine) and imposed a $5,000 fine.

¶5 Hughes appeals the District Court's judgment arguing the State either failed to establish a chain of custody for the evidence of methamphetamine or that the evidence was substantially changed while in the State's possession. Hughes argues the District Court abused its discretion when it admitted the evidence of methamphetamine.

¶6 This Court reviews a district court's ruling on the admissibility of evidence for abuse of discretion. *State v. Aarke*, 2002 MT 101, ¶ 8, 309 Mont. 403, 46 P.3d 648. The adequacy of the foundation for the admission of evidence is within the discretion of the trial court

and will not be overturned absent a clear abuse of discretion. *State v. Weeks*, 270 Mont. 63, 891 P.2d 477, 484 (1995).

¶7      To evaluate whether the State has failed to establish a chain of custody, this Court has held that "when identifying evidence by a chain of custody, the State has the burden to make a prima facie showing of a continuous chain of possession and that there was no substantial change in the evidence while it was in its possession." *Weeks*, 891 P.2d at 484. Here, the testimonies provided a chain of custody for two plastic bags containing a crystal-like powder. The record establishes the bags were taken from Hughes' pocket by Officer Ames, transferred to Officer Fisher's patrol car, then delivered to the evidence locker. Once in the evidence locker, Mix removed the bags and Officer Edwards transported them to the State Crime Lab. Any confusion regarding the documentation of the chain of custody was cleared up at trial and Hughes' "mere conjecture" to the contrary was not sufficient to preclude introduction of the methamphetamine evidence. *See State v. Thomas*, 166 Mont. 265, 268, 532 P.2d 405, 406 (1975) (holding the Defendant's claim that there was a possibility of tampering while the evidence was in the plastic bag and in possession of another was mere conjecture and not sufficient to show affirmatively that tampering had taken place).

¶8      To evaluate whether the methamphetamine evidence was substantially changed while in the State's possession, this Court recognizes the defendant has the burden of affirmatively showing that the evidence was substantially changed prior to its introduction. *State v. McCoy*, 2012 MT 293, ¶ 17, 367 Mont. 357, 291 P.3d 568. Hughes argues that Officer Fisher described the evidence as "two small plastic bags," while Mix described the

4

evidence as "one small plastic baggy and a Ziploc baggy, a large one." We agree with the District Court that Hughes did not meet his burden of establishing the bags collected were different from the bags admitted into evidence. The bags were described, through two different testimonies, only in slightly different ways. Based on our review of the entire record, the State established a chain of custody for the methamphetamine evidence and Hughes failed to meet his burden of demonstrating the bags were different from the ones collected from his person after his arrest. This Court concludes the District Court did not abuse its discretion in admitting the evidence of methamphetamine.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10    Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE