FILED

09/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0597

DA 18-0597

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 177

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

VAUGHN DAVID JAMES,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DC 16-352
                   Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Appellate Defender, Helena, Montana

        For Appellee:

            Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
            Attorney General, Helena, Montana

            Brendan D. McQuillan, Deputy Lake County Attorney, Polson, Montana

                  Submitted on Briefs:  July 27, 2022

                          Decided:  September 13, 2022

Filed:

                            _____
                                   Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Defendant Vaughn David James appeals from the July 31, 2018 Judgment by the Twentieth Judicial District Court, Lake County, convicting him of sexual intercourse without consent. We restate and address the following issues:

*1. Whether the District Court misapplied M. R. Evid. 404(b) by excluding evidence James contended demonstrated his accuser was motivated to falsely testify to avoid jail time for violating the terms of her conditional release.*

*2. Whether the District Court unduly curtailed James's right to mount a complete defense when it denied him broad latitude to cross-examine and impeach his accuser about leniency she allegedly received in an unrelated DUI charge.*

*3. Whether the chief prosecutor's conflict of interest deprived the entire Lake County Attorney's Office of authority to prosecute James.*

¶2      We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      The State charged James with Count I: Sexual Intercourse Without Consent, in violation of § 45-5-503, MCA, and Count II: Aggravated Burglary, in violation of § 45-6-204, MCA. The Information alleged that, on September 17, 2016, James unlawfully entered his mother's home and had sexual intercourse with his aunt, M.N., who had been asleep on a small couch in the living room and did not consent.

¶4      At the time of the incident, M.N. was staying with James's mother because she had recently been released from jail. The parties agreed that M.N.'s criminal history was inadmissible at trial. However, James moved to introduce evidence that M.N. also had a pending felony driving under the influence (DUI) charge in Sanders County and, the days

2

before and after the alleged rape occurred, she had failed to comply with the 24/7 drug and alcohol monitoring conditions of her release by missing two breathalyzer tests. James argued the evidence tended to prove that M.N. fabricated the rape allegations against him as an excuse for violating the conditions of her bond and to avoid having her bond revoked. The State opposed the motion, arguing the evidence was inadmissible under M. R. Evid. 403, 404(b), 608, and 609, as it was irrelevant, highly prejudicial, and merely speculative. The District Court denied James's motion, reasoning that James had not clearly articulated how the evidence fits into a chain of logical inferences, as required by this Court's holding in *State v. Madplume*, 2017 MT 40, ¶ 23, 386 Mont. 368, 390 P.3d 142. The District Court relied on the fact that James's mother, not M.N., had actually reported the offense, and reasoned James's theory was inconsistent with his own testimony that M.N. did not want to involve law enforcement. The court denied James's motion because it could not "make the leaps that the defense is asking me to make to allow this evidence in."

¶5     After the incident, M.N. obtained housing at an emergency shelter for victims of domestic violence. When Sanders County prosecutors sought to revoke M.N.'s release in January 2017, her attorney argued that M.N.'s bond should not be revoked because the missed breathalyzer test was due to the fact that she had been sexually assaulted the night before. Before trial, James also sought permission to cross-examine M.N. about leniency he contended she received from the Lake County Attorney's Office and Sanders County Attorney's Office prosecutors because of her status as a rape victim. The State insisted that the LCAO had not offered M.N. anything in exchange for her testimony against James, and there was no evidence to corroborate James's speculation that M.N. fabricated a rape

3

in Lake County to obtain housing or favorable treatment from prosecutors in Sanders County. The District Court ruled that James could question M.N. about her circumstances at the time of the offense, including the fact that she was staying with a family member, but could not ask about her recent release from jail or pending criminal charges.

¶6 The matter proceeded to trial in June 2017. On the third day of the trial, James's counsel expressed concerns to the District Court that Lake County Attorney Steve Eschenbacher, who had represented James in a 2011 sexual assault charge while employed as a public defender, had not been adequately screened from the prosecution. James's counsel overheard a conversation between the State's prosecuting attorney, Brendan McQuillan, and a paralegal, who had allegedly asked McQuillan whether Eschenbacher had approved playing a DVD of a 911 call during the trial. The District Court held a conference outside the presence of the jury where the court warned counsel that "everybody's on notice that this is an issue," and admonished McQuillan that "there can't be any conversation with a prior defense counsel with regard to any representation that they would have had with the defendant." The court stated, "If it becomes the subject of any post-trial motion then the Court will review it once that's reduced to writing." The District Court initiated a formal investigation with the Montana Office of Disciplinary Counsel (ODC). After the investigation, ODC determined Eschenbacher had not committed any ethical violations.

¶7 James's first trial resulted in a hung jury and the District Court declared a mistrial. James was convicted of sexual intercourse without consent after a second trial in July. The

4

court sentenced James to 100 years in prison with no parole for 50 years and designated him a tier 3 sexual offender.

¶8    In January 2020, James successfully moved this Court to remand for an evidentiary hearing on whether the entire LCAO should have been disqualified from prosecuting him. James alleged that Eschenbacher, who had learned about sensitive childhood sexual abuse that could be "triggers" for James, had not been properly screened from other staff at the LCAO who were involved in James's prosecution.  The District Court conducted hearings on December 7, 2020, and March 29, 2021.  Eschenbacher testified that he did not review discovery, provide direction, or speak with any LCAO attorneys about his prior representation of James.  McQuillan testified that he never had a direct conversation with Eschenbacher about the case or Eschenbacher's prior representation of James. McQuillan's paralegal testified that, while she may have asked Eschenbacher whether to play the 911 call during trial, McQuillan had resolved the issue prior to receiving Eschenbacher's input.  The District Court concluded that James's disqualification claim was without merit and that a new trial was not warranted.  The court reasoned that the 2016 case was "not a matter in which Eschenbacher had personally and materially participated as a public defender."  Further, the court found there was no evidence that Eschenbacher had communicated to anyone in the LCAO any confidential information he received from James during his representation in the 2011 case.

## STANDARDS OF REVIEW

¶9    We review discretionary trial court rulings, including evidentiary rulings by the trial court, for an abuse of discretion.  *State v. Nelson*, 2002 MT 122, ¶ 9, 310 Mont. 71, 48 P.3d

5

739. A court abuses its discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Madplume*, ¶ 19. To the extent the trial court's ruling is based on an interpretation of a rule of evidence, a statute, or a constitutional right, however, this Court's review is de novo. *State v. Lotter*, 2013 MT 336, ¶ 13, 372 Mont. 445, 313 P.3d 148; *State v. Daniels*, 2011 MT 278, ¶ 11, 362 Mont. 426, 265 P.3d 623.

¶10 A district court's application of the Rules of Professional Conduct to disqualify an attorney is reviewed for correctness. *Keuffer v. O.F. Mossberg & Sons, Inc.,* 2016 MT 127, ¶ 9, 383 Mont. 439, 373 P.3d 14.

## DISCUSSION

*1. Whether the District Court misapplied M. R. Evid. 404(b) by excluding evidence James contended demonstrated his accuser was motivated to falsely testify to avoid jail time for violating the terms of her conditional release.*

¶11 "All relevant evidence is admissible, except as otherwise provided by constitution, statute, these rules, or other rules applicable in the courts of this state." M. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M. R. Evid. 401. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion to determine the admissibility of evidence and weigh the relative probative value of evidence against the risk of unfair prejudice. *Madplume*, ¶¶ 19, 32.

6

¶12 Rule 404 generally excludes evidence of a person's character or character trait when its purpose is to prove the person acted in conformity with that trait on a particular occasion. M. R. Evid. 404(a). Under Rule 404(b), however, "[e]vidence of other crimes, wrongs, or acts" may be admissible for non-propensity purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) aims to "ensure jurors do not impermissibly infer that a defendant's prior bad acts make that person a bad person, and therefore, a guilty person." *Madplume*, ¶ 22 (citing *State v. Dist. Court of the Eighteenth Judicial Dist.*, 2010 MT 263, ¶ 47, 358 Mont. 325, 246 P.3d 415). A defendant may introduce "reverse 404(b) evidence" of another witness's crimes or conduct to inculpate another person, thus exculpating himself. *State v. Clifford*, 2005 MT 219, ¶ 44, 328 Mont. 300, 121 P.3d 489.

¶13 To prevent the permissible uses from swallowing the general rule barring propensity evidence, the trial court must ensure that the use of Rule 404(b) evidence is "clearly justified and carefully limited." *Madplume*, ¶ 23 (quoting *State v. Aakre*, 2002 MT 101, ¶ 12, 309 Mont. 403, 46 P.3d 648). Other acts evidence is admissible for a permissible Rule 404(b) purpose only if "the proponent [can] clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *Madplume*, ¶ 23 (quoting *Clifford*, ¶ 48). A defendant may not introduce reverse 404(b) evidence "where it lacks connection with the crime, is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." *State v. Giddings*, 2009 MT 61, ¶ 88, 349 Mont. 347, 208 P.3d 363.

¶14 James argues the District Court erred in excluding evidence about M.N.'s pending DUI charge under Rule 404(b) because the evidence tended to show M.N. falsely accused him of rape to avoid jail time for violating the terms of her conditional release. The State maintains the court properly excluded the evidence because the pending charge was irrelevant as James failed to demonstrate the evidence made it more probable that M.N. would have fabricated the allegations against him; the evidence was inadmissible under Rule 403 because its minimal probative value was substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time; and the evidence was inadmissible under Rule 404(b) because M.N.'s DUI charge in Sanders County was unrelated to her allegation against James in Lake County and James's argument was inconsistent with his own testimony that M.N. did not personally report the rape and, in fact, did not want it to be reported.

¶15 To admit prior bad act evidence, its purpose must be "clearly justified and carefully limited," and the proponent must "clearly articulate how that evidence fits into a chain of logical inferences." *Madplume*, ¶ 23. In this case, the record establishes (1) that M.N. had been released from jail less than 48 hours prior to the incident with James and had missed at least one breath test, which was a condition of her release; (2) when M.N. made her allegations against James, Sanders County had not yet filed for her bond to be revoked; and (3) M.N. neither personally reported the incident to law enforcement, nor did she even want law enforcement involved. As the District Court correctly noted, the principal problem with James's argument "is that most of what [James] articulated happened post the event. The only thing that [occurred] beforehand is that [M.N.] failed to provide a

8

breath test the day before. But then that chain gets broken because it's not even reported by her."

¶16 Because James failed to clearly justify or articulate, beyond mere speculation, how that evidence fits into a chain of logical inferences, James's legal theory regarding M.N.'s motivation to fabricate was, at best, shaky. *Madplume*, ¶ 23. On the other hand, any testimony about M.N.'s DUI charge certainly had the potential to confuse the jury and waste the court's time sorting through unresolved collateral issues. M. R. Evid. 403. The District Court did not abuse its discretion by excluding evidence related to M.N.'s pending DUI charge in another county.

> *2. Whether the District Court unduly curtailed James's right to mount a complete defense when it denied him broad latitude to cross-examine and impeach his accuser about leniency she allegedly received in an unrelated DUI charge.*

¶17 A criminal defendant's right to demonstrate the bias or motive of a prosecution witness is grounded in the Confrontation Clause of the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. *State v. Gommenginger*, 242 Mont. 265, 272, 790 P.2d 455, 460 (1990); *Nelson*, ¶¶ 14-15 ("The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination, and the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." (internal quotation marks omitted)).

¶18 A trial court has broad discretion to limit the scope of cross-examination to those issues it determines are relevant to the trial and limiting the scope of cross-examination does not necessarily violate a defendant's right to confront an adverse witness. *Nelson*,

¶ 15; *see also State v. Sullivan*, 266 Mont. 313, 323, 880 P.2d 829, 836 (the trial court properly exercised its discretion by limiting the cross-examination of a witness to the relevant issues of credibility, and not matters that allegedly occurred years before the events in question). However, the trial court's discretion in exercising control and excluding evidence of a witness's bias or motive to falsely testify becomes operative only after the constitutionally required threshold level of inquiry has been afforded the defendant. *Gommenginger*, 242 Mont. at 274, 790 P.2d at 461.

¶19 James argues the District Court improperly curtailed his broad latitude to cross-examine M.N. about the leniency she allegedly sought and received related to her pending DUI case in return for her testimony against James. By excluding evidence about M.N.'s precarious position in the courts, James asserts that the trial court deprived him of his constitutional right to cross-examine his accuser and to mount an effective defense. The State responds that the court's decision to exclude the evidence was well within its broad discretion and did not violate James's right to present his defense because James failed to present a comprehensible legal theory about M.N.'s motive to fabricate.

¶20 In *Nelson*, this Court held that the trial court did not violate a defendant's constitutional right to cross-examine an adverse witness when it limited testimony about his alleged, but unsubstantiated, prior charges in another county. *Nelson*, ¶¶ 17-19. We noted that "[t]he Confrontation Clause 'guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Nelson*, ¶ 19 (quoting *State v. Jenkins*, 2001 MT 79, ¶ 19, 305 Mont. 95, 23 P.3d 201).

¶21 Similar to *Nelson*, there is no evidence in the record in this case establishing a direct connection between the authorities prosecuting James in Lake County and M.N.'s Sanders County charge, and nothing in the record indicates that Sanders County offered M.N. a deal in return for her testimony against James. Lake County prosecutors insisted that they did not negotiate leniency for M.N. based on her status as a rape victim. While M.N.'s personal housing and legal situation may have been "precarious" at the time of the incident, there is no indication anywhere in the record that M.N. exploited her status as a rape victim to gain favor with Sanders County prosecutors, and James failed to offer any evidence beyond mere speculation that M.N.'s accusations were an elaborate plot to avoid going back to jail.

¶22 The District Court did not violate James's constitutional right to confront the witnesses against him or present his defense. The District Court did not abuse its discretion by limiting cross-examination of M.N. regarding alleged leniency she may have received related to her pending DUI case in return for her testimony against James.

*3. Whether the chief prosecutor's conflict of interest deprived the entire Lake County Attorney's Office of authority to prosecute James.*

¶23 M. R. Pro. Cond. 1.9(a) prohibits a lawyer who has formerly represented a client in a matter from representing another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. Rule 1.9(c) prohibits a lawyer who has formerly represented a client in a matter, or whose present or former firm has formerly represented a client in a matter, from using information relating

11

to the representation to the disadvantage of the former client or revealing information relating to the representation.

¶24 A trial court may consider attorney violations of the Rules of Professional Conduct if that misconduct results in prejudice or adversely impacts the rights of the parties in the case pending before it. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 35, 303 Mont. 274, 16 P.3d 1002. Evidence that an attorney or firm did, in fact, violate a professional conduct rule is relevant, but is not prima facie grounds for opposing counsel's disqualification without a showing of prejudice. *Schuff*, ¶¶ 36-37. A litigant can waive the right to seek disqualification by failing to timely object or move to disqualify within a reasonable time. *See In re Guardianship of Mowrer*, 1999 MT 73, ¶ 23, 294 Mont. 35, 979 P.2d 156.

¶25 James argues the District Court erred in refusing to disqualify the entire LCAO from his case because Eschenbacher's disqualification deprived the entire office of authority to prosecute. The State argues James failed to demonstrate that Eschenbacher violated Rule 1.9(a) or (c), or provide any evidence that James was prejudiced by the LCAO's prosecution. The State also asserts that James waived his argument that the entire LCAO should be disqualified when he failed to file either a motion to disqualify counsel or a motion for a new trial. James acknowledges that he did not file a motion to disqualify McQuillan or other LCAO attorneys when the issue came up during his first trial, or at any point before his second trial, but excuses this fact by asserting that "information about Eschenbacher's participation in James's prosecution only developed during trial."

¶26 After a full evidentiary hearing on the merits of James's claim, the record is utterly devoid of any evidence that Eschenbacher possessed any confidential information learned

12

during his representation of James in 2011; there is no evidence that he relayed confidential information about James to McQuillan; or that he was meaningfully involved in his office's prosecution of James. While not dispositive, the ODC's determination that Eschenbacher did not violate the Rules of Professional Conduct further supports the District Court's conclusion that James's call for disqualification of the entire LCAO is without merit. Because James has made only broad, speculative assertions that his rights were prejudiced, he has not established that he is entitled to reversal of his conviction and a new trial.

## CONCLUSION

¶27 The District Court did not abuse its discretion by excluding evidence related to M.N.'s pending DUI charge in another county. The District Court did not abuse its discretion by limiting cross-examination of M.N. regarding alleged leniency she may have received related to her pending DUI case in return for her testimony against James. Eschenbacher's prior representation of James did not deprive the entire Lake County Attorney's Office of its authority to prosecute James. James's conviction for sexual intercourse without consent is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

13